# EXHIBIT A

| | | SUPERIOR COURT<br>MIDDLESEX COUNTY<br>RECEIVED & FILED |
|---|---|---|
|  New Jersey Courts | New Jersey Judiciary<br>Civil Practice Division<br>**Civil Case Information Statement (CIS)** | JUN 13 2022<br>COUNTY CLERK<br>OF SUPERIOR COURT |

Use for initial Law Division Civil Part pleadings (not motions) under Rule 4:5-1.
Pleading will be rejected for filing, under Rule 1:5-6(c), if information above the black bar is not completed, or attorney's signature is not affixed.

### For Use by Clerk's Office Only

| Payment type: ☐ check<br>☐ charge<br>☐ cash | Charge/Check Number | Amount<br>$ | Overpayment<br>$ | Batch Number |
|---|---|---|---|---|

| Attorney/Pro Se Name<br>Ashley Georges - Pro se | Telephone Number<br>N/A   ext. | County of Venue<br>Middlesex |
|---|---|---|
| Firm Name (if applicable) | | Docket Number (when available) |

| Office Address - Street<br>1100 Woodbridge Road | City<br>Rahway | State<br>NJ | Zip<br>07065 |
|---|---|---|---|

| Document Type<br>~~~~~~ Complaint | Jury Demand<br>☒ Yes   ☐ No |
|---|---|

| Name of Party (e.g., John Doe, Plaintiff)<br>Ashley Georges, Plaintiff | Caption<br>Ashley Georges v. NJ Dept. of Corr. |
|---|---|

| Case Type Number (See page 3 for listing) 005 -699 | | |
|---|---|---|
| Are sexual abuse claims alleged? | ☐ Yes | ☒ No |
| Does this case involve claims related to COVID-19? | ☐ Yes | ☒ No |
| Is this a professional malpractice case? | ☐ Yes | ☒ No |
| If "Yes," see N.J.S.A. 2A:53A-27 and applicable case law regarding your obligation to file an affidavit of merit. | | |
| Related Cases Pending?<br>If "Yes," list docket numbers | ☐ Yes | ☒ No |
| Do you anticipate adding any parties (arising out of same transaction or occurrence)? | ☒ Yes | ☐ No |
| Name of defendant's primary insurance company (if known) | ☐ None | ☒ Unknown |

Revised Form Promulgated by 04/19/2022 Notice to the Bar (effective 05/01/2022), CN 10517 (Appendix XII-B1)   page 4 of 7

| The Information Provided on This Form Cannot be Introduced into Evidence. |
|---|
| Case Characteristics for Purposes of Determining if Case is Appropriate for Mediation |
| Do parties have a current, past or recurrent relationship?  ☒ Yes  ☐ No<br>If "Yes," is that relationship:<br>☐ Employer/Employee  ☐ Friend/Neighbor  ☐ Familial  ☐ Business<br>☐ Other (explain) __Prison Officials/Prisoner__ |
| Does the statute governing this case provide for payment of fees by the losing party?  ☒ Yes  ☐ No |
| Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition. |
| ♿ Do you or your client need any disability accommodations?  ☐ Yes  ☐ No<br>If yes, please identify the requested accommodation:<br><br>Will an interpreter be needed?  ☐ Yes  ☐ No<br>If yes, for what language? |
| **I certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).**<br><br>Attorney/Self-Represented Litigant Signature: _(signature)_ |

CV-07

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION

**Your Name (first, middle, last):** Ashley Georges

**Street Address:** 1100 Woodbridge Road

**Town, State, Zip Code:** Rahway, New Jersey 07065

**Telephone Number:**

**County:** Middlesex

**Docket Number:** (to be filled in by the court)

SUPERIOR COURT
MIDDLESEX COUNTY
RECEIVED & FILED
MAY 25 2022
DEPUTY CLERK
OF SUPERIOR COURT

SUPERIOR COURT
MIDDLESEX COUNTY
RECEIVED & FILED
JUN 13 2022
DEPUTY CLERK
OF SUPERIOR COURT

**CIVIL ACTION**

Ashley Georges
                                    Plaintiff

V.

N.J. Department of Corrections, et al.,
                                    Defendant

**Complaint**

Plaintiff, __Ashley Georges__, residing at __1100 Woodbridge Road__, City of __Rahway__, County of __Middlesex__.

State Of New Jersey, complaining of defendant, states as follows:

1. On __October 21__, 20__21__, __N.J. Dept. of Corr.__ (name of person being sued), Defendant

(Summarize what happened that resulted in your claim against the defendant. Use additional pages if necessary.)

   See attached pages

Ashley Georges, pro se
429230 - 196682C
East Jersey State Prison
1100 Woodbridge Road
Rahway, New Jersey 07065

Presently Confined

May 12, 2022

| | |
|---|---|
| ASHLEY GEORGES,<br>     Plaintiff,<br><br>v.<br><br>NEW JERSEY DEPARTMENT<br>OF CORRECTIONS<br>CENTRAL TRANSIT UNIT (CTU)<br>OFFICER FRONDUTO<br>OFFICER BECKER<br>LIEUTENANT RAUL<br>DISCIPLINARY HEARING OFFICER<br>LESLIE RUSSEL<br>EAST JERSEY STATE PRISON<br>ADMINISTRATOR, ROBERT<br>CHETIRKIN<br>ASSISTANT SUPERINTENDENT<br>JAMES RUSSO<br>ROBIN KELLER<br>KARYN PARKER-FOREMAN<br>LIEUTENANT EIGNRAUNCH<br>SERGEANT MCGUIRE<br>JOHN DOE (To Be Named At<br>A Later Date, As Reserve<br>The Right to Re-Name and Add<br>Names)<br>JANE DOE (To Be Named At<br>A Later Date, As Reserve<br>The Right to Re-Name and Add<br>Names)<br>     Defendants, | SUPERIOR COURT OF NEW JERSEY<br>MIDDLESEX COUNTY - CIVIL<br>LAW DIVISION<br>DOCKET NO._____<br><br>**CIVIL ACTION**<br><br>COMPLAINT AND JURY TRIAL<br>DEMAND |

## I. JURISDICTION AND VENUE

1. This is a civil action authorized by New Jersey Civil Rights Act and 42 U.S.C. Section 1983; 28 U.S.C. Section 1367.

I, Ashley Georges, (Plaintiff) currently confined at East Jersey State Prison, (EJSP) Rahway, New Jersey located in Middlesex County.

2. I, Plaintiff brings this action against Defendants, Central Transit Unit Officers Fronduto and Becker, Disciplinary Hearing Officer, Leslie Russell, East Jersey State Prison, Robert Chetirkin, Former Administrator, James Russo, Former Superintendent, Robin Keller, Assistant Superintendent, Karyn Parker-Foreman, Executive Assistant, Lieutenant Eignraunch, Sergeant McGuire, John and Jane Doe to be named at a later date, as reserve the right to re-name and add names, whose addresses are all within the Central Office of the New Jersey Department of Corrections.

3. I, Plaintiff herein submit this complaint having State and Federal Constitutional merits of Equal Protection Rights/Due Process Rights governed by the New Jersey Administrative Code 10A; New Jersey State Constitution; and United States Federal Constitution.

4. This complaint addresses Defendants violation of Plaintiff's due process rights when he was transferred to a punishment unit before receiving any disciplinary hearing or any adjudication of his disciplinary infractions. In addition, Plaintiff's hearing was not conducted until, October 29, 2021, eight (8) days following the incident that occurred on October 21, 2021. On

November 4, 2021, Plaintiff was not provided any notice before his charge was modified to a on-the-spot-sanction for being unsanitary, preventing him from appealing the verbal reprimand sanction. Plaintiff did not commit any prohibited act by relieving himself when he was intentionally denied the right to a restroom. The Defendants were deliberately indifferent to Plaintiff's health and saftey by forcing him to double celling during a pandemic for retalitory purposes jeopardizing his health resulting in him contracting covid. Furthermore, Defendants intentionally and maliciously disregarded Plaintiff's safety by forcing him to double celling while he is among the vulnerable population unable to defend himself after suffering substantial injuries that required surgical procedures followed by intense physical therapy in violation of his Eight Amendment rights.

5. Plaintiff continues to be placed in harms way in quasi Administrative segregation despite being cleared of the disciplinary charges. An on-the-spot-sanction only authorizes the verbal reprimand imposed by the hearing officer, not a forced double celling during a pandemic that places the health and safety of Plaintiff in danger. Defendants are retaliating agaist Plaintiff for exercising protected rights afforded under both the New Jersey State Constitution, Art. I, Para 5, Sec. VII, Para. 3, and the United States Constitution, 14th Amendment, to redress without the retaliation against Plaintiff.

6. Defendants such disregard for Plaintiff's fundamental rights are abhorrent and unacceptable. The contrived practices are

3

consistent with known customary misconduct tactics utilized to abuse inmates with impunity due to the lack of oversight, resulting in no accountability for failing to enforce the rules and regulations of the Department of Corrections. The removing of Plaintiff from his single cell, placing him in harms way forcing him to double celling during a raging pandemic resulting in his contraction of covid.

## FACTS AND ALLEGATIONS

7. On October 21, 2021, Plaintiff was taken to Northern State Prison, (NSP) by Central Transit Unit (CTU) Officers, Defendants Fronduto and Becker for his regular scheduled medical trip for physical therapy due to a recent July 19, 2021, surgical procedure on his right elbow.

8. During the waiting period outside of Northern State Prison, Plaintiff requested to Defendants Fronduto and Becker, the use of the bathroom, and was told to wait. Plaintiff complied, however after a period of time Plaintiff expressed that his need for the bathroom escalated to an emergency, requesting that a supervisor be called on his behalf both CTU Officers, Defendants Fronduto and Becker ignored Plaintiff's request.

9. After an unreasonable lapse of time, Plaintiff pleaded with Defendants Fronduto and Becker that he could no longer hold his urine, while shackled in the secured compartment of the transport van. Plaintiff was told to "do what you have to do."

10. Plaintiff then proceeded to turn his back away from the inmate that was placed in the same side comparment of the van, to not expose himself, and was forced to urinate in the transport

4

van while his hands and feet were shackled.

11. After Plaintiff suffered this humiliating ordeal he expressed to both Defendants Fronduto and Becker that he would write them up and file a lawsuit against them for depriving him of the use of the bathroom for an unreasonable time after expressing the need to use the bathroom.

12. Upon Plaintiff return to EJSP, he was handcuffed and placed in the Close Custody Unit (CCU), 1 Left, on Prehearing Detention.

13. On the following day, October 22, 2021, Plaintif was served with four (4) Disciplinary charges written by Defendant Fronduto, *012 Throwing bodily fluid at any person or otherwise purposely subjecting... *306 Conduct which disrupts... .053 Indecent exposure, and .152 Destroying state property.

14. Defendant Fronduto maliciously falsified official documents to retaliate against Plaintiff because Plaintiff verbally told him that he would right him up and sue him for depriving him of the use of the bathroom forcing him to urinate on himself while shackled in a transport van. Defendant Becker knowingly and deliberately issued a report in support of Defendant Fronduto's falsifications in retaliation because Plaintiff threatened to write the pair up and sue them.

15. Defendant Fronduto intentionally and deliberately fabricataed that Plaintiff stated that, "I will just piss in the back of the van", and then proceeded to urinate all over the compartments and backdoors. This happened in full view of the other I/M's and our vehicle cameras." Defendant Becker was present and failed to intervene. Defendant Lieutenant Raul authorized the falsified

5

charges when there was no evidence to support Defendant Fronduto's allegations.

16. On October 22, 2021, without first being provided a hearing, Plaintiff was forced by an unknown Defendant to double celling during a pandemic in total disregard of Plaintiff's health abd saftey. Plaintiff was illegally placed on 3 Wing, quasi-administrative segregation were inmates who are found guilty of disciplinary infractions are usually placed as punishment.

17. Plaintiff spoke to Defendant Sergeant McGuire and Defendant Lieutenant Eignraunch about being forced to double celling during a pandemic, that his illegal placement on a punitive unit was in violation of his Due Process rights and demanded that he be provided a hearing or placed back in his former single cell housing unit until the adjudication of his charges, both Defendants Lieutenant Eignrauch and McGuire ignored Plaintiff's request.

18. Plaintiff then wrote an inquiry on the kiosk to the Administration explaining that his due process rights were being violated and that he was being forced to double celling during a pandemic. Defendants James Russo, Superintendent, Robyn Keller, Assistant Superintendent and Robert Chetirkin, Administrator responded that the Administration had the authority to place him on 3 Wing, thus supporting the due process violation.

19. Plaintiff's due process rights were violated and disposition of his charges were ultimately adjudicated on November 4, 2021, all of the charges issued by Defendant Fronduto were dismissed

6

due to a lack of evidence. However, Defendant Disciplinary Hearing Officer, Leslie Russell, failed to provide Plaintiff with a 24 hour notice to prepare a defense of the modification of his charge to a .651 being unsanitary and deliberately sanctioned him to an on-the-spot-sanction, preventing him from appealing her decision.

20. The fact that this matter was modified to the lowest category of infractions support that this matter should have been dismissed entirely. However, Defendant Russell violated Plaintiff's due process rights to appease and support Defendant Fronduto's misconduct. As a result, the Plaintiff is being kept on 3Wing as an additionally unauthorized imposed sanction by the Defendants. Plaintiff is being forced to double celling during a pandemic, against his will, despite being cleared of the bogus charges written by Defendant Fronduto.

21. The misconduct of the Defendants using 3Wing as an unofficial in house punishment was established prior to this incident involving Plaintiff. On November 2, 2020, via letter, a request by Jean Ross, Esq., Member People's Organization for Progress, Bonnie Kerness, Director AFSC Prison Watch Program, and American Friends Service, Public Advocates were made to Govenor Phil Murphy to authorize and direct an initial comprehensive independent investigation of the conditions on 3-Wing of East Jersey State Prison, including the conduct and supervision of all staff and policies that govern placement and conditions on that unit, the latter stated the following:

7

Re: Request for Special Investigation of 3-Wing at East Jersey State Prison Expanded Investigation of NJ State Prisons, as indicated.

22. 3-Wing is reportedly used as a dumping ground for prisoners who complain, submit remedies, initiate lawsuits, or are considered troublesome creating a dangerous and lethal mix, with forseeable conflict and violence.

23. Although 3-Wing has only one 'isolated confinement' unit, 3-Wing is like a quasi "administrative segregation' unit which arbitrarily restricts and punishes prisoners.

24. EJSP does not have a mental health unit; Prisoners who test positive are placed in double cells; conditions are filthy and prisoners are denied cleaning supplies; Quality assurance and Remedy systems do not work.

25. Informal random punishment of prisoners, outside of the formal disciplinary process; unprincipled denial of rights and priviledges (e.g. showers, phone, and kiosk access); widespread retaliation against prisoners who complain or file lawsuits especially during a deadly pandemic.

26. Easy access to controlled dangerous substances even during the pandemic lockdown; consistent drug overdoses or adverse episodic behaviors; random placement policies, which leave double-celled prisoners and unit-wide prisoners in forseeable danger.

27. Plaintiff is among the vulnerable population due to his recent surgical procedure done July 19, 2021, on his right elbow,

which left him with permenant nerve damage to his prominent right hand. In addition, on July 4, 2021, Plaintiff tore his left pectorialis that resulted in him being tranported to University Hospital Emergency Room, on July 6, 2021, where he had to be admitted. Therefore, Both sides of Plaintiff's upper body was impaired requiring him to wear two slings, however, he only wore one sling to protect his most recent injury when he tore his left major pectorial muscle on his chest.

28. The Defendants Russo, Lieutenant Eignraunch and Sergeant McGuire intentionall and deliberately conspired to keep Plaintiff housed on 3 Wing, forcing him to double celling against his will during a pandemic, which resulted in him contrating covid, for writing grievances complaing about the conditions of his confinement.

29. Plaintiff continued to complain about the abuse of his due process rights on a regular basis placing him in harms way during a global pandemic. On December 29, Plaintiff was placed in Isolation under false charges by Defendant Sergeant McGuire. Plaintiff was served the charges on January 5, 2022. Plaintiff then placed back on 3 Wing, breaking covid protocols while 3Wing was actively on quarantine. The Defendants knowingly and deliberately placed Plaintiff's health and safety in harms way when they disregarded CDC protocols sending Plaintiff to a quarantined housing unit where he was forced to double celling during a pandemic that led him to contract Covid days later.

30. Plaintiff continues to be denied his due process rights where the Defendants have falsely placed guilty findings of

9

Indecent exposure on his March 2022, Progress Report despite the fact that Plaintiff was cleared of all charges on November 4, 2021, when the charges were ultimately dismissed.

27. Defendant Leslie Russel, denied Plaintiff his due process rights when she refused to provide Plaintiff with a 24 hour notice of the modification of his charges. Defendant Russell modified Plaintiff's charges to an On-the-Spot Sanction verbal reprimand for being unsanitary. Plaintiff objected to those charges because he did not commit any prohibited infraction. Defendant Russell refused to completely which prevented his ability to appeal that decision.

28. Defendant Karyn Parker-Foreman, is the Executive Assistant for EJSP. Defendant Parker-Foreman is in charge of providing inmates with records from Inquries and Grievances filed on the kiosk. In this matter, Defendant Parker-Foreman directly interfered with Plaintiff's ability to file an appeal to the Appellate Division by intentionally and deliberately providing Plaintiff with a deficient copy of his grievance. Defendant Parker-Foreman's involvement prevented Plaintiff from filing an appeal to the Appellate Division. Because of Defendant's unethicial practices Plaintiff's appeal was dismissed on April 22, 2022. Defendant Parker-Foreman has a habit of intentionally and maliciously sabotaging inmates ability to apply for redress to the Appellate Division or any other court by contriving to protect her colleagues.

29. All of the listed Defendants, Central Transit Unit Officers Fronduto and Becker, Disciplinary Hearing Officer, Leslie

Russell, East Jersey State Prison, Robert Chetirkin, Former Administrator, James Russo, Former Superintendent, Robin Keller, Assistant Superintendent, Karyn Parker-Foreman, Executive Assistant, Lieutenant Eignraunch, Sergeant McGuire, John and Jane Doe to be named at a later date, as reserve the right to re-name and add names, whose addresses are all within the Central Office of the New Jersey Department of Corrections, are all being sued in there individual and official capacities for their active role in the violation of Plaintiff's state and federal constitutional rights.

The defendant in this action resides at __see attached pages__,
(defendant's address)

In the County of __see attached pages__, State Of New Jersey.
(name of county where defendant lives)

2. Plaintiff is entitled to relief from defendant under the above facts.

3. The harm that occurred as a result of defendant's acts include:

(list each item of damage and injury),

1. __See attached pages__

2. 

3. 

Wherefore, plaintiff requests judgment against defendant for damages, together with attorney's fees, if applicable, costs of suit, and any other relief as the court may deem proper.

Dated: __May 13, 2022__    Signature: _[signature]_

## CERTIFICATION OF NO OTHER ACTIONS

I certify that the dispute about which I am suing is not the subject of any other action pending in any other court or a pending arbitration proceeding to the best of my knowledge and belief. Also, to the best of my knowledge and belief no other action or arbitration proceeding is contemplated. Further, other than the parties set forth in this complaint, I know of no other parties that should be made a part of this lawsuit. In addition, I recognize my continuing obligation to file and

serve on all parties and the court an amended certification if there is a change in the facts stated in this original certification.

Dated: _May 13, 2022_   Signature: _[signature]_

OPTIONAL: If you would like to have a judge decide your case, do not include the following paragraph in your complaint. If you would prefer to have a jury to decide your case, please sign your name after the following paragraph.

## JURY DEMAND

The plaintiff demands trial by a jury on all of the triable issues of this complaint, pursuant to New Jersey Court *Rules* 1:8-2(b) and 4:35-1(a).

Dated: _May 13, 2022_   Signature: _[signature]_